Jeffrey I. Carton (JC-8296)
Myles K. Bartley (MB-8431)
DENLEA & CARTON LLP
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100
jcarton@denleacarton.com
mbartley@denleacarton.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| WILLIAM HORAN, on behalf of himself and all others similarly situated, | Civil Action No. 2:17-cv-3820 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| INVICTA WATCH COMPANY OF AMERICA, INC. and EVINE LIVE INC., | |
| Defendants. | |

_____

Plaintiff William Horan, by and through his counsel, Denlea & Carton LLP, respectfully files this Class Action Complaint on behalf of himself and a class of similarly-situated individuals and alleges as follows:

### NATURE OF THE CASE

1. This action seeks to redress the unfair and deceptive marketing practice by which Defendants are conspiring with one another to entice consumers to purchase inferior, low-quality watches with the promise of a "free," comprehensive and multiyear warranty. In reality, however, the "protection" offered by Defendants' "warranty" is illusory, as it amounts to little more than a hidden repair fee, masquerading as an

alleged "warranty."

2. Defendants perpetrate their fraud by imposing a $28 fee (in some instances nearly 50% of the cost of the watch) on consumers who seek to avail themselves of the "free" warranty, and by deceptively describing the fee as somehow necessary to cover the costs of either (i) "shipping and handling," (ii) "insured return shipping" or (iii) "service evaluation and return shipping." Regardless of the oblique (and conflicting) explanations offered by Defendants, the imposition of such fees renders the "warranty" worthless and violates both New York and Federal law.

3. By this action, Plaintiff and his fellow Class members seek to recover their actual damages, treble damages, attorney's fees and costs, and injunctive relief, to redress the unfair and deceptive business practices being conducted by Defendants.

## THE PARTIES

4. Plaintiff is a natural person of full age of majority who is domiciled and resides in Carle Place, New York. On January 16, 2017, Plaintiff purchased an Invicta Pro Diver Scuba Quartz Chronograph Watch from Defendants.

5. Defendant Invicta Watch Company of America, Inc. ("Invicta") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 3069 Taft Street, Hollywood, Florida.

6. Defendant EVINE Live Inc. ("Evine") is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 6740 Shady Oak Road, Eden Prairie, Minnesota.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to §1331 and the

Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  Jurisdiction is proper because the action is brought under the Magnuson-Moss Warranty Act and because (1) the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs and (2) the named Plaintiff and the Defendants are citizens of different states.  28 U.S.C. §2301, *et seq.*; 28 U.S.C. §1332(d)(2)(A).

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because a substantial part of the events giving rise to the claim occurred within this judicial district and because Defendants have marketed and sold the products at issue in this action within this judicial district and have done business within this judicial district.

## CHOICE OF LAW

9. New York law governs the state law claims asserted herein by Plaintiff and the sub-class of New York residents who purchased the Invicta products at issue because Defendants' acts and omissions occurred in the State of New York through Defendants' marketing and sales of its products within the State of New York.

10. New York has a substantial interest in protecting the rights and interests of New York State residents against wrongdoing by companies which market and distribute their products within the State of New York.

## GENERAL ALLEGATIONS

11. Evine is a cable, satellite and broadcast television network which offers consumers the convenience of shopping from home.  Over the past 20+ years, it has evolved through a series of acquisitions and name changes, including ValueVision, ShopNBC, ShopHQ, and EVINELive, to its current iteration "Evine."  Evine describes itself as a "digital commerce company that offers a compelling mix of proprietary and

3

name brands directly to consumers in an engaging and informative shopping experience via television, on-line and on mobile." Evine competes with other home-shopping networks like QVC and HSN, and reaches approximately 87 million cable and satellite television homes 24 hours a day.

12. Invicta is a watch manufacturer which traces its roots back to the nineteenth century and the watchmaker Raphael Picard. Over time, Invicta's business strategy has evolved from offering high-end, curated time pieces to offering low price, high volume products which are capable of being mass-produced.

13. For more than a decade, Invicta and Evine have enjoyed a strong partnership in which Evine has aggressively featured Invicta as one of its most prominent merchants. As Evine's Chief Executive Officer Bob Rosenblatt declared in December 2016, "For more than 15 years, Invicta has been a valued partner of Evine's and has played a crucial role in making [Evine] the watch destination we are today."

14. Evine features Invicta products through a variety of aggressive sales and marketing tactics including prominent placement on the home page of Evine's website, through paid on-line advertising campaigns, and through dedicated programming on the Evine cable channel on which Invicta watches are often featured to the exclusion of any other products. In addition, Invicta products are often featured with limited, time-sensitive pricing offers, in an effort to create a false sense of urgency among consumers to purchase an Invicta watch at allegedly substantial savings.

15. In addition, and of greater significance to this action, Evine and Invicta have colluded to offer an alleged "warranty" in connection with the sale of Invicta's products to provide consumers with the peace of mind and reassurance that

Defendants stand behind the Invicta products and will repair (or replace) free of charge any failure or breakdown that may occur with the watches' performance.

**The Bogus Warranty**

16.     Specifically, Evine has marketed the Invicta watches with a "standard" no-cost warranty ranging in length from three to five years.  However, to exercise one's rights under the warranty, a consumer must incur the cost of shipping the watch to an "Invicta Service Center" and enclose a $28 check or money order to cover what Evine has alternatively described as either the costs of "return shipping and handling" or the costs of "insured return shipping."

17.     Similarly, the watch itself is packaged by Invicta to include a multi-page document denoted "Invicta Invincible in Detail Warranty"  which states:

> **Your Invicta Timepiece is backed by a 3-year Warranty.**
>
> Invicta manufactures timepieces of superior quality.  This quality is reflected in the accuracy of the watches, attention to detail in the case and movement assembly, and the life expectancy of each timepiece. The Warranty covers the movement and all of the movement's components; crown, dial, markers, hands, and water pressure.  The warranty does not cover scratches to the crystal, case, metal band, straps, or any other damages as a result of normal wear.
>
> Should you discover your watch is not functioning properly during the warranty period, send your timepiece directly to our service center.
>
> **Invicta Watch**
> 1 Invicta Way
> Hollywood, Florida 33021
>
> Please note: We DO NOT ship to P.O. Box addresses.
> A flat rate of $28 will be charged ***to cover service evaluation and return shipping*** (emphasis added).
>
> **The 3-year Invicta Warranty**
>
> Each genuine Invicta timepiece purchased from an authorized

Invicta retailer is in its original and tested condition and should only be serviced through the Invicta Service Center during the warranty period in accordance with the terms of the ***standard*** 3-year Invicta Warranty. (emphasis added.)

18. The Invicta Warranty goes on to state:

We offer **comprehensive coverage** to repair any failure or breakdown that may occur with the watch movement. ***We warrant*** that the movement will be free of defects in material and workmanship.

In the case of a covered defect, at our discretion, we may repair or replace your timepiece. This warranty does not cover normal wear and tear, such as scratches that may be caused by daily use on the metal band, case, or crystal. The warranty will be voided if this watch has been mishandled, or used under extraordinary conditions. Opening the watch by an unauthorized third party automatically voids this warranty. Under this warranty, **your watch is also protected** for the indicated water resistance… (emphasis added.)

19. Notably, the printed Invicta warranty refers to "comprehensive coverage," "warranty," "standard warranty," or "we warrant" over 15 times throughout the body of the document. And nowhere does the Invicta warranty contain language limiting its scope, other than for time, exotic straps, and normal wear and tear. The Invicta warranty is never referred to as a "limited warranty," nor does any tense or derivation of the words "limited" or "limitation" appear in the document.

20. In contrast to Evine's description of the $28 fee associated with the warranty as representing the cost of "shipping and handling" or "insured return shipping," Invicta obtusely describes the $28 fee as necessary "for service evaluation and return shipping," thereby offering the additional pretext of the fee being associated with a previously undisclosed "service evaluation."

**Mr. Horan's Purchase**

21. On or about January 16, 2017, in response to Evine's programming on Mr.

6

Horan's cable provider (Verizon Fios), and in reliance upon Defendants' representations that they were offering a 5 year standard, free of charge warranty on all new Invicta watches, Mr. Horan purchased an Invicta Pro Diver Scuba Quartz Chronograph Watch (48MM) (Item # 630-404).

22. Mr. Horan paid $66.80 for the watch, plus $3.99 in shipping and handling, and $8.11 in tax, for a total price of $76.90. This "Scuba" edition watch, in addition to showing the time and date, also contained multiple "sub dials," displaying the seconds, days of the week, and a "30-minute" timer.

23. Shortly after Mr. Horan received the watch, it did not function properly, including the "day of the week" function, which did not work, and the 30 minute timer, which stopped at the 28-minute mark. By May 2017, the shoddy nature of the watch was plainly (and painfully) obvious, when the "day of the week" dial hand fell off the watch face.

24. Fed up with the poor workmanship of the product, Mr. Horan contacted Evine to avail himself of the "free of charge" 5 year warranty on the purchase of his Invicta watch. Evine refused to uphold its obligations under the warranty, telling Mr. Horan that Evine did not provide a warranty on its Invicta products.

25. Rather, Evine informed Mr. Horan that his warranty would be serviced through Invicta, and that it would be Invicta's "choice" as to the price they charge in connection with the warranty. When Mr. Horan made further investigation of Invicta, he discovered a myriad of consumer complaints regarding Invicta's warranty service and learned for the first time of the purported "service evaluation" fee. Given that Mr. Horan was asked to pay a $28 fee on a watch that only cost him $66.80, he suspected a ruse.

**Mr. Horan's Experience Is Common and Widespread**

26.     Mr. Horan's experience is widespread, as reflected by a growing, on-line community that is expressing its upset and dissatisfaction with the illusory warranty.

27.     On February 1, 2017, "Bob P." wrote "the watch is well under warranty and Invicta will fix it free of charge, right? WRONG! Invicta imposes a $28 . . . fee for ALL warranty returns."  (https://www.bbb.org/south-east-florida/business-reviews/watches-dealers/invicta-watch-company-of-america-in-hollywood-fl-27002445/reviews-and-complaints, last visited June 14, 2017.)

28.     On February 16, 2017, David from Tallahassee, FL complained that "my full warranty was not what it was cracked up to be. I was told I had to pay $28.00 to have someone inspect the watch before any repairs would be done. Well, in my case, it was the battery. I just received the bill $49.00 to replace the battery. All total my battery replacement cost over $80.00. Invicta just lost a loyal customer. Buyer beware." (https://www.consumeraffairs.com/retail/invicta-watches.html, last visited June 20, 2017.)

29.     Lanny from Aubrey, TX bemoaned on February 27, 2017 that Invicta's "warranty is a total joke when it comes to the bands. They want $144.00 plus the cost to evaluate what is wrong . . .. The watch does not even cost that much new . . . I will never purchase another Invicta again. . . .  Stay away from Invicta." (https://www.consumeraffairs.com/retail/invicta-watches.html, last visited June 20, 2017.)

30.     Ran from Port Jefferson, NY protested on February 27, 2017 that "to pay

$28 for shipping . . . [a] watch that cost $75, in my opinion . . . [is] not worth it. This is how they get you. Never again." (https://www.consumeraffairs.com/retail/invicta-watches.html, last visited June 20, 2017.)

31.     Robert from Fayetteville, NC complained on March 10, 2017 that "I sent . . . [the watch] to customer service, they want to charge $185 for repair plus shipping back even though it is under warranty, they can keep it. It is more than I paid for the watch. (https://www.consumeraffairs.com/retail/invicta-watches.html, last visited June 20, 2017.)

32.     Finally, on April 9, 2017, Mike from Riverside, RI wrote: "I have been in contact with Both EVINE and Invicta for months and still no resolve (sic) with many issues. At this point I want to take legal action and [it] seems like I am not alone in this matter. 1. False warranty or no warranty provided. 2. Non contact within the company to resolve issues in timely manner. 3. False claims on charging for non-issues related to warranty." (https://www.consumeraffairs.com/retail/invicta-watches.html, last visited June 14, 2017.)

**CLASS ACTION ALLEGATIONS**

33.     Plaintiff brings this action on behalf of himself and all other similarly situated consumers pursuant to Rule 23 of the Federal Rules of Civil Procedure, and seeks certification of the following class and subclass:

> All consumers who, within the applicable statute of limitations period, purchased an Invicta timepiece from Evine with a warranty that requires a $28 fee to exercise the warranty.
>
> Subclass: All consumers who, within the applicable statute of limitations period, purchased in the State of New York an Invicta timepiece from Evine with a warranty that requires a $28 fee to exercise the warranty.

> Excluded from the class and subclass are Defendants, their parents, subsidiaries, affiliates, officers and directors, judicial officers and their immediate family members and associated court staff assigned to this case.

34. **Numerosity**. This action is appropriately suited for a class action. The members of the class are so numerous that joinder of all members of the class is impracticable. Plaintiff is informed, believes, and thereon alleges, that the proposed class contains thousands of purchasers who have been damaged by Defendants' conduct as alleged herein. The precise number of class members is unknown to Plaintiff.

35. **Existence and Predominance of Common Questions of Law and Fact**. This action involves questions of law and fact common to the class. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendants made false or misleading representations or failed to disclose material information regarding the warranties;

- Whether the claims made by Defendants regarding the warranties discussed above are true, or are misleading, or objectively are reasonably likely to deceive;

- Whether the alleged conduct constitutes violations of the law asserted;

- Whether Defendants omitted and concealed material information regarding the warranties;

- Whether Defendants had and/or have a duty to disclose information about the warranties to Plaintiff and Class members;

- Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

- Whether, as a result of Defendants' misconduct, the class is entitled to monetary and statutory damages, as well as equitable and injunctive relief.

36. **Typicality**. Plaintiff's claims are typical of the claims of the members of

the class, because, *inter alia*, all class members have been injured through the uniform misconduct described above, and were subject to Defendants' deceptive representations, including the representations that accompany the sale of each and every watch (described in detail above) and were made on Defendants' websites and other advertising media.  Moreover, the named Plaintiff's claims are typical of the class members' claims.  Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the class.

37.     **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the class.  Plaintiff purchased an Invicta watch from Evine; was a victim of Defendants' unfair and deceptive practices and suffered an injury in fact as a result of Defendants' conduct.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the class.

38.     **Superiority**.  A class action is superior to other methods for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants.  It would be virtually impossible for a member of the class, on an individual basis, to obtain effective redress for the wrongs done to him or her.  Furthermore, even if the class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues

raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

39. Plaintiff seeks monetary damages, including statutory damages on behalf of the entire class, and other equitable relief on grounds generally applicable to the entire class, to enjoin and prevent Defendants from engaging in the acts described. Unless a Class is certified, Defendants will be allowed to profit from their deceptive practices, while Plaintiff and the members of the Class (and Sub-Class) will have suffered damages. Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class (and Sub-Class) and the general public will continue to be deceived.

40. Defendants have acted and refused to act on grounds generally applicable to the Class (and Sub-Class), making final injunctive relief appropriate with respect to the Class (and Sub-Class) as a whole.

## FIRST CAUSE OF ACTION
### (Violation of Magnuson-Moss Warranty Act)

41. Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

42. This action shall serve as notice that Plaintiff is acting on behalf of the Class and Sub-Class and that Defendants shall have a reasonable opportunity to cure the breaches alleged herein.

43. The Invicta watches are "consumer" products within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.* (the "Act")

44. Plaintiff and the class members are "consumers" within the meaning of the Act. 15 U.S.C. § 2301(3).

45. Defendants are both a "supplier" and a "warrantor" under the Act. 15 U.S.C. § 2301(4) & (5).

46. Defendants' representations about the Invicta watches fall within the definition of "written warranty" provided in the Act. 15 U.S.C. § 2301(6)(A) & (B).

47. Defendants' representations are express warranties provided to Mr. Horan and all other consumers and are the basis of the bargain between Plaintiff, class members, and the Defendant.

48. Warranties under the Act fall into one of two categories: full or limited.

49. A "full warranty" requires, *inter alia*, the warrantor to remedy defects in a product within a reasonable time *without charge*.

50. Any warranty designation that does not contain either a full or a limited designation, must be interpreted in a manner most favorable to the consumer.

51. Defendants' warranties were not designated a full or a limited warranty, but were described as a "standard" warranty.

52. Because Defendants' warranties were not designated either full or limited, they must be interpreted as full warranties.

53. Defendants breached their warranties by charging a $28 fee to exercise the warranty.

54. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff and class members are entitled to recover the damages caused to them by Defendants' breaches of its written warranty, which damages constitute the full purchase price of the watches, plus any out-

of-pocket expenses incurred.

55. Pursuant to 15 U.S.C. §2310(d)(2), Plaintiff and the class members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorney's fees) determined by the Court to have been reasonably incurred by Plaintiff and the class for and in connection with the commencement and prosecution of this action.

56. As a direct and proximate result of Defendants' breach of their written warranty, Plaintiff and class members have and will continue to suffer damages.

## SECOND CAUSE OF ACTION
### (Violation of New York General Business Law Section 349)

57. Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

58. Defendants made false representations about the warranty, and/or failed to disclose material information about the warranty. These representations and omissions have the capacity, tendency, and effect of deceiving reasonable consumers who purchase the watches and believe the watch is covered by a warranty. In reality, the supposed warranty covering Defendants' watches is illusory.

59. Plaintiff and the class members have been aggrieved by and have suffered losses as a result of Defendants' violations of Section 349 of the New York General Business Law. By virtue of the foregoing unfair, unconscionable, and deceptive acts and omissions in the conduct of trade or commerce, Plaintiff and the members of the Class (and Sub-Class) have been substantially injured by having to incur out-of-pocket costs to repair the watches, or in the alternative, by overpaying for a product that has diminished value due to its illusory warranty.

60.     By reason of the foregoing, Defendants' conduct, as alleged herein, constitutes deceptive acts and practices in violation of Section 349 of the New York General Business Law, and Defendant is liable to Plaintiff and the Class (and Sub-Class) for the actual damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus statutory damages, treble damages, and attorneys' fees and costs.

61.     Plaintiff further demands injunctive relief enjoining Defendants from continuing to engage in, use, or employ any act, including advertisements, packaging, or other representations, prohibited by Section 349 of the New York General Business Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

A.  Certifying this action as a class action as soon as practicable, with the classes as defined above, designating Plaintiff as the named class representative, and designating the undersigned as Class Counsel.

B.  On Plaintiff's First Cause of Action, awarding against Defendants the damages that Plaintiff and the other members of the Class (and Sub-Class) have suffered as a result of Defendants' actions, the amount of such damages to be determined at trial.

C.  On Plaintiff's Second Cause of Action, awarding against Defendants the damages that Plaintiff and the other members of the Class (and Sub-Class) have suffered as a result of Defendants' actions, the amount of such damages

to be determined at trial, plus statutory and treble damages.

D. Awarding Plaintiff and the class members interest, costs, and attorneys' fees.

E. Enjoining Defendants from continuing to engage in, use, or employ any act, including advertisements, packaging, or other representations, prohibited by the Magnuson-Moss Warranty Act and Sections 349 of the New York General Business Law.

F. Awarding Plaintiff and the class members such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:   White Plains, New York
         June 26, 2017

>                               Respectfully Submitted,
>
>                               /s/ Jeffrey I. Carton
>                               DENLEA & CARTON LLP
>                               Jeffrey I. Carton, Esq. (JC-8296)
>                               Myles K. Bartley, Esq. (MB-8431)
>                               2 Westchester Park Drive, Suite 410
>                               White Plains, New York 10604
>                               Telephone: (914) 331-0100
>                               Facsimile: (914) 331-0105
>                               jcarton@denleacarton.com
>                               mbartley@denleacarton.com